
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAVIER RODRIGUEZ CARBAJAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0278 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner JAVIER RODRIGUEZ CARBAJAL, a state prisoner currently confined in the Clements Unit in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is currently confined pursuant to a March 2, 2005 conviction out of Potter County, Texas for the offense of possession with intent to deliver a controlled substance and the resultant 40-year sentence. Petitioner is also confined pursuant to three (3) convictions and sentences out of Randall County, Texas:

| | | |
|---|---|---|
| Aggravated kidnapping | February 11, 2005 | 99 years |
| Burglary of a habitation | February 11, 2005 | 20 years |
| Possession of a firearm by a felon | February 11, 2005 | 7 years |

By the instant habeas application, petitioner appears to allege his February 11, 2005

conviction of the offense of kidnapping is unlawful because:

1. Petitioner was denied a fair trial as a result of the denial of his right to confront and cross-examine co-defendants;

2. Petitioner was denied effective assistance of trial counsel because counsel failed to:

    a. investigate and interview witnesses;
    b. submit a paragraph on the law of parties to be included in the jury charge; and
    c. did not argue for the reduction of the offense to a 2nd degree felony due to the release of the victim in a safe place.

3. Petitioner was denied effective assistance of appellate counsel because counsel failed to:

    a. raise the above grounds on appeal; and
    b. did not notify petitioner when his appeal was affirmed, thereby denying petitioner of the right to file a petition for discretionary review.

I.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits,

> notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement,

petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Based upon petitioner's habeas application and the online information available to the Court, it does not appear, as of this date, that petitioner has presented his claims to the Texas Court of Criminal Appeals by way of direct appeal (petition for discretionary review) or by a state habeas application. Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claims. Consequently, petitioner's claims have not been exhausted and his federal habeas petition is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his claims. Only after state habeas corpus proceedings are concluded may he raise his claims in this Court by way of a federal petition pursuant to 28 U.S.C. § 2254.

It is the opinion of the undersigned that petitioner has not exhausted his state court remedies through state habeas corpus. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petition must be dismissed for failure to exhaust.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAVIER RODRIGUEZ CARBAJAL be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. Petitioner is advised that dismissal without prejudice does not guarantee petitioner that he will be permitted to prosecute any subsequently filed federal habeas application if such is time-barred, nor guarantee application of any "relation back" theory, but merely allows any subsequently filed petition not to be considered as a second or successive petition.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of September 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).